26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony E. MOORE, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-17098.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony E. Moore, an Arizona state prisoner, appeals pro se the district court's summary judgment denying his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his 1973 murder conviction. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and we affirm.
 
 
 3
 Moore contends that the state trial court's jury instruction on the element of malice unconstitutionally shifted the burden of proof from the government to himself. He seeks application of the rule announced in Sandstrom v. Montana, 442 U.S. 510 (1979), to reverse his conviction. In Sandstrom, the Supreme Court held unconstitutional a jury instruction that reasonable jurors could have construed as either establishing a conclusive presumption of intent or requiring the defendant to disprove intent. Id. at 515-17, 524.
 
 
 4
 In an order filed on October 1, 1993, the district court granted summary judgment on alternative grounds: (1) that Sandstrom stated a new rule or was not retroactively applicable to Moore's conviction; or (2) that even if the Sandstrom rule was retroactively applicable and the jury instruction was error, the error was harmless.
 
 
 5
 Moore contends the rule announced in Sandstrom is retroactively applicable either because it was not a "new" rule within the meaning of Teague v. Lane, 489 U.S. 288 (1989), or because it falls within one of Teague 's two exceptions to the prohibition against retroactive application of new rules. He also contends that any Sandstrom error was not harmless.
 
 
 6
 We need not resolve the first issue because we agree with the district court's alternate conclusion that any potential Sandstrom error in the state trial court's jury instruction on malice was harmless. Accordingly, we affirm the judgment for the reasons stated by the district court in support of its conclusion that any alleged Sandstrom error was harmless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3